UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

**FILED - GR**

August 7, 2023 1:44 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: ᴶᵂ /8-8

EDMON VARDANYAN,

Plaintiff

V.

UNITED STATES OF AMERICA,

Defendant

_____ /

CIVIL ACTION

No: _____

**1:23-cv-831**
Robert J. Jonker - U.S. District Judge
Phillip J. Green - Magistrate Judge

PRO SE

## COMPLAINT FOR DAMAGES FOR PERSONAL INJURY UNDER FEDERAL TORT CLAIMS ACT PURSUANT TO 28 U.S.C. SECTION 1346

Comes now Plaintiff Edmon Vardanyan's(hereafter "Mr. Vardanyan" or "Plaintiff") Pro Se action against the United States Of America(hereafter "United States" or "Defendant") on claims of negligent hiring, negligent designating and placement and negligent supervision pursuant to Title 28 U.S.C. Section 1346(Federal Tort Claims Act). For his Complaint Against Defendant Mr. Vardanyan states as follows:

### PARTIES

1. Plaintiff, Edmon Vardanyan, is a federal inmate currently incarcerated in Federal Correctional Institution(FCI) Milan, in Milan, Michigan.

Prior to his transfer to FCI Milan, Plaintiff was incarcerated in North Lake Correctional Facility(NLCF) in Baldwin, MI, which was a private prison company operated by GEO Group, who had a contract with Bureau Of Prisons (BOP) to house federal inmates.

1

Plaintiff was transferred to NLCF in March 16, 2021 from another private prison, Moshannon Valley Correctional Institution(MVCI), also operated by GEO Group under the contract with the BOP.

At all times material to this complaint during his incarceratin Plaintiff has been a federal prisoner in care of the BOP and/or BOP-contracting facility.

2. Defendant, United States Of America, is a sovereign entity named herein pursuant to the Federal Tort Claims Act and oversees the Federal Bureau Of Prisons(BOP), which is responsible for the custody and care of federal inmates.


JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over this matter as the claims in this case are brought against the United States Of America under Federal Tort Claims Act pursuant to Title 28 U.S.C. Section 1346.

4. Venue is appropriate in this Court, as some or all of the events upon which this action is based occured within the Federal Judicial District of Western District Of Michigan.


ADMINISTRATIVE REMEDY

5. Plaintiff filed an Administrative Claim(SF-95) on Sep. of 2022 with the Federal Bureau Of Prison's North Central Regional Office and recieved a response dated Nov. 18, 2022 that the Government's response for an administrative determination was not due until March 25, 2023. There has been no further response from the regional office before or after March 25, 2023 date (see Exhibit A). The administrative claim(Claim #:TRT-NCR-2023-01145) is now considered denied, and Plaintiff has exhausted all obligatory administrative remedies, and this matter is ripened for the filing of this action.

FACTS

GEO GROUP AND BOP CONTRACT

6. Geo Group is a private prison company whose business involves, but not limited to, operating prisons jails, halfway houses with contract from local, state and federal agencies.

7. At all times material to this complaint, GEO Group operated North Lake Correctional Facility(NLCF), located at 1805 West 32nd Street, Baldwin, MI 49304.

8. At all times material to this complaint, NLCF/GEO was housing federal inmates pursuant to a contract with the Federal Bureau Of Prisons(BOP).

9. Upon information and belief, the contract to GEO to house federal inmates in NLCF was issued by the BOP in 2019.


RELEVANT POLICIES AND STATUTES

10. Upon information and belief, the issuance of a contract to GEO/NLCF was taken in accordance(but not limited to) with the BOP Program Statement(P.S.) 7740.04: Acquisition Of Private Sector Secure Correctional Beds.

11. According to BOP's P.S. 7740.04, at all times material to this complaint privately operated secure correctional facilities were managed by Privatization Management Branch(PMB).

12. According to BOP's P.S. 7740.04

> 1.b: Program Objectives. '' private secure adult correctional facilities will be identified and considered as part of the Bureau's population management planning process".

13. Upon information and belief, due to a passage of several laws in recent years(First Step Act, CARES Act, etc.) the population of the BOP has been decreasing.

14. According to BOP's P.S. 7740.04

> 2.C: "The contracting Officer is a Government employee who by virtue of a Contracting Officer's Warrant, is the only person authorised to oblige, negotiate, award, administer, cancel or terminate contracts on behalf of

3

theeUnited States Government.

15. According to BOP's P.S. 7740.04

3. Need Determination
a. Planning. "The capacity planning Committee identifies future capacity needs to meet anticipated growth in the Bureau's population and recommends to the Director and Executive Staff a capacity expansion strategy".

"...considers several alternatives, including:
...Contracting with privately operated adult correctional companies".

16. According to BOP's P.S. 7740.02:  Oversight Of Private Secure Correctional Facilities

1. Purpose And Scope:
"To establish the authority and responsibilities involved in the oversight of privately operated secure adult correctional facilities under contract to the Bureau Of Prisons".
b. "The effective oversight of privately operated secure adult correctional facilities will ensure the terms and conditions of the contract are met".

17. According to BOP's P.S. 7740.02

2.C. Contract Facility Monitoring(CFM). A team of subject matter experts(SME) who conduct on-site monitorings at secure adult correctional contract facilities to ensure the Government recieves quality, competent services from the contractor".

2.g. Performance Evalkuation. A periodic evoluation of the contractor's performance in carrying out its obligations under Government contract".

Chapter 1. Mission and Organisation
101. "...provides oversight of privately operated secure adult correctional facilities to ensure appropriate and professional management and treatment of federal offenders housed in contract facilities".
103. :...Each contract facility has PMB staff on-site".

18. At all times material to this complaint North Lake Correctional Facility had an on-site ContraCT Facility Monitoring Expert.

19. On August, 11, 2016, DOJ OIG Releases Report on the Federal Bureau OF Prison's Monitoring of Contract Prisons(EXHIBIT B).

4

20. Among the contract prisons analized in the report GEO Group is one of them.

21. Some of the findings of the report:

"...in most key areas, contract prisons incurred more safety and security incidents per capita than comparable BOP institutions..."

"...the BOP identified serious or systematic safety and security deficiencies at contract prisons."

"...the checklist that the BOP's on-site monitors use to monitor day-to-day contract compliance does not sufficiently address some important health services and correctional services requirements..."

"...the issues we identified make the BOP's day-t-day onsite monitoring less effective in ensuring that the BOP's contract prisons are meeting the BOP's requirements..."

22. On January, 2021, President Biden sighned on Executive Order to "Eliminate The Use Of Privately Operated Criminal Detention Facilities. (EXHIBIT C).

23. BOP's Program Statemant 5100.08: Inmate Security Designation And Custody Classification.

1. Purpose and Scope.
"The Bureau's Classification, designation and redesignation procedures are consistent with the statutory authority contained in Title 18. U.S.C. Section 3621(b).

..."In summary, the initial assighnment of an inmate to a particular institution is based primarily upon:
- The level of security and supervision the inmate requires;
- The level of security and staff supervision the institution is able to provide; and,
-The inmate's program needs

24. Title 18 U.S.C. Section 3621(b): Placement Of Prisoner

25. Title 18 U.S.C. Section 4042(a):

The BOP "...shall provide for the safekeeping, care and protection of all persons charged with or convicted of offences against the United States".

26. Title 18 U.S.C. Section 4042 imposes a duty on the United States to protect prisoners.

27. BOP's Program Statement 5324.12 Sexually abusive Behavior Prevention and Intervention Program.

> 1115.67- Agency Protection Against Retaliation
> (a) "The agency shall establish a policy to protect all inmates and staff who report sexual abuse or harassment or cooperate with sexual abuse or harassment investigations from retaliation by other inmates or staff..."
>
> (c) "...the agency shall monitor the conduct and treatment of inmates... who reported the sexual abuse... to see if there are changes that may suggest possible retaliation by inmates or staff and shall act promptly to remedy any such retaliation"...

28. Upon information and belief, Mr Vardanyan was assighned "at risk" status for victimaziation while placed in the SHU in NLCF.

29. Upon information and belief, Mr. Vardanyan had his name entered in form BP-A1002, sighned by Warden at NLCF: a form "Safeguarding Of Inmates Alleging Sexual Abuse/Assault Allegations".

## GEO'S RECORD OF UNFIT PENOLOGICAL INSTITUTION

30. Upon information and belief, Defendant United States Of America was in the know, or had a reasonable knowledge that GEO Group was unfit and did not have penological and security justification to operate prisons.

31. Upon information and belief, Defendant United States Of America was aware of problems, throughout the country, with rampant sexual abuses, drug abuses, high violence levels, staff misconduct and other security issues of prisons operated by GEO.

32. GEO Group had numerous instances of serious safety and security incidents throughout the facilities it was operating, both, prior and during it's contract with the BOP to house federal inmates in North Lake Correctional Facility. (EXHIBIT D pages 1-19)

6

33. Upon information and belief Defendant United States Of America was aware that GEO Group had chronic security and safety issues prior and during it's contract with GEO/NLCF.


PLAINTIFF EDMON VARDANYAN

34. Edmon Vardanyan is a 39 year old male.

35. On Feb 20, 2009, Mr. Vardanyan was sentenced to 240 months in the Middle Destrict Of Florida for violation of Titile 18 Section 2261A(1)&(2).

36. On or about July of 2018 Mr. Vardanyan was transferred to Moshannon Valley Correctional Institution(MVCI), a GEO operated facility, upon information and belief housing about 1600 federal inmates.

37. On or about March, 2021, after and Executive Order sighned by President Biden in Jan of 2021, because of contractual terms expiration with MVCI, BOP transferred Mr. Vardanyan to another private prison, North Lake Correctional Facility(NLCF), also operated by GEO Group.

38. Upon information and belief,Mr. Vardanyan was 1 of only 4 inmates transferred to NLCF, from one private prison to another.

39. Upon information and belief, the rest of the inmate population of MVCI was designated and placed into various BOP-operated fecilities.

40. While in NLCF, on or about early 2022, Plaintiff's case manager started showing a special interest in Mr. Vardanyan and hired him to be her office orderly.

41. Plaintiff's responsibilities were to clean-up the case manager's office, take out the trash, help with translation with other non-English speaking inmates and other chores.

42. Between June of 2022 until early July of 2022 Plaintiff was sexually assaulted by his case manager.

43. After Plaintiff's complaint of PREA to NLCF staff(EXHIBIT E page 1) on

or about July 12, 2022, and also after Plaintiff's cooperation and information provided to law enforcement, case manager has been indicted on charges of Sexual Abuse Of A Ward(See United States v. Donna JEan Schucker: Case : 1:23-cr-00026-JMB).

44. From July, 2022 until Sep., 2022 Mr. Vardanyan was housed in Special Housing Unit(SHU) in NLCF pending the investigation for PREA/sexual assault complaint.

45. On or about July 4, 2022, Plaintiff was tald by SHU officer that if he, the Plaintiff, didn't agree to "cellie up" with another inmate, an incident report will be given for refusal of direct order and the Plaintiff will lose telephone and commissary privileges.

46. On or about July 4, 2022, an inmate, Alejandro Montano-Pantoja, was placed into Plaintiff's cell as a cellmate.

47. Plaintiff's cellmate started expressing high interest of Plaintiff's reason for being in the SHU, for reporting the sexual assault( for "snitching on the case manager").

48. Alejandro Montano-Pantoja informed the Plaintiff that he had heard why Plaintiff was in the SHU from SHU officers.

49. On or about Aug. 2, 2022, Plaintiff was taken out of his cell for "sick call" and, while having an evaluation for abdominal pain(EXHIBIT E page 1), Plaintiff informed the Nurse conducting the medical screening, as well as the officer standing by, that he has been having issues with his cellmate because of his reporting and cooperation of the sexual assault, and that his cellie has been threatening him.

50. On or about Aug. 6, 2022, Plaintiff was threatened and then attacked by his cellmate, who was holding a weapon in his hand and trying to strike the Plaintiff.

51. On or about Aug. 6, 2022, Plaintiff pressed the "Emergency Button" in the

cell, and, while trying to plead to the responding officer for help, was stabbed in the face and head by Alejandro Montano-Pantoja, while the responding officer stood outside the cell and watched the assault.

52. As a result of the assault Plaintiff suffered several lacerations on his face, head and body(EXHIBIT E pages 3 and 4).

COUNT I-NEGLIGENCE IN HIRING/CONTRACTING AND RETAINING GEO GROUP, UNDER THE FTCA AGAINST DEFENDANT UNITED STATES OF AMERICA

53. Plaintiff incorporates all of the preceding paragraphs as though fully set forth herein.

54. Defendant United States Of America was negligent in contracting with GEO Group to house federal inmates in NLCF as Defendant knew or should have known of specific risks, unsafe conditions and chronic rampant sexual abuses, violence and other seculity issues in GEO facilities throughout the nation.

55. Defendant United States Of America had a duty mandated by statute to provide safe and suitable quarters for federal inmates, and this duty did not involve consideration of public policy or discretion.

56. Defendant United Stares Of America hired GEO Group, in a negligent manner by failing to employ a competend and fit contractor.

57. Defendant United States Of America's negligent selection of GEO Group caused Plaintiff to suffer damages and injuried. These damages include pain and suffering, psychological and emotional distress and physical injuries.

58. Defendant United States Of America is liable for the physical and emotional harms suffered by Plaintiff as a result of Defendant's failure to exercise reasonable care to employ a competent and fit contractor for the placement of federal prisoners, like Plaintiff.

COUNT II-NEGLIGENT DESIGNATION AND PLACEMENT OF PLAINTIFF TO BE IN CUSTODY OF GEO GROUP AT NORTH LAKE CORRECTIONAL FACILITY, UNDER THE

9

FTCA AGAINST DEFENDANT UNITED STATES OFAMERICA

59. Plaintiff incorporates all of the preceding paragraphs as though fully set forth herein.

60. Pursuant to 18 U.S.C. 4042, Defendant United States Of America owed Plaintiff a duty to provide suitable quarters and provide for safekeeping, care andsubsistence, while Plaintiff was in the custody of United States OF America.

61. At all times material to this complaint Plaintiff was in the custody of Defendant.

62. Prior to transfering Plaintiff to NLCF Defendant knew that the contract with GEO was expiring.

63. Upon information and belief, prior to transfering Plaintiff to NLCF Defendant knew that NLCF had poor Performance Evaluation.

64. Upon information and belief, prior to transfering Plaintiff to NLCF Defendant knew that there was several areas of safety and security issues and defiviencies at NLCF that did not meet the standards of quality and competent services.

65. Upon information and belief, prior to placing Plaintiff at NLCF, Defendant had a reasonable knowledge of issues concerning staff misconduct, ]inadequate staffing levels and other violation at NLCF.

66. Despite numerous incidents of unsafe conditions at NLCF Defendant neverthless negligently placed Plaintiff at the Nort Lake Correctional Facility.

67. Defendant United States Of America had a statutory duty to place Plaintiff in a secure and protected environment.

68. Defendant United States Of America failed to exercise due care in placing Plaintiff at NLCF.

69. Defendant's negligent placement of Plaintiff allowed Plaintiff to become a victim of sexual assault and then retaliation for reporting the assault.

70. Defendant's negligent placement of Plaintiff at NLCF caused Plaintiff to suffer damages and injuries. These include physical injuries, pain and suffering and psychological and emotional distress.

71. Defendant United States Of America is liable for negligently placing Plaintiff at North Lake Correctional Facility.

## COUNT III- NEGLIGENT SUPPERVISION AND MONITORING OF NORTH LAKE CORRECTIONAL FACILITY, UNDER FTCA AGAINST DEFENDANT UNITED STATES OF AMERICA

72. Plaintiff incorporates all of the preceeding paragraphs as though fully set forth herein.

73. Defendant United States Of America was negligent in its duties to provide proper supervision and monitoring of day-to-day operations of North Lake Correctional Facility.

74. On-site monitoring experts at NLCF were negligent in their oversight to ensure that Plaintiff was recieving appropriate and professional management and treatment while housed in NLCF.

75. Upon information and belief, on-site monitoring experts had reasonable knowledge of unsafe staffing levels, high rate of safety and security incidents and other deficiencies at North Lake Correctional Facility.

76. Upon information and belief, the administration at North Lake Correctional Facility had a reasonable knowledge about a specific threat to Plaintiff, who had a "at risk" status.

77. On-site monitoring experts were negligent in supervision and monitoring of NLCF staff to ensure that proper policy proceedures were followed to ensure Plaintiff's safety.

78. Upon information and belief, despite knowing of numerous shortcomings of NLCF's compliance with BOP contractual terms, on-site monitoring experts

11

were negligent in not closely ensuring that GEO/NLCF was providing a safe and secure environment for federal prisoners, like Plaintiff.

79. Defendant's actions, set forth above, caused Plaintiff to suffer damages and injuries, which include physical pain and suffering, and psychological and emotional distress.

80. Defendant United States Of America is liable for negligent supervision and monitoring of North Lake Correctional Facility.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Honorable Court grant him the following relief:

1). Compensatory damages against United States Of America in amount of $250 000.00;

2). And such other further relief as this Court in its discretion deems just.

Respectfully submitted,

this __1st__ day of __August__ , 2023

Edmon Vardanyan(BOP# 49886-018)

FCI Milan

P.O. Box 1000

Milan, MI 48160

## DECLARATION AND CLOSING

I, Edmon Vardanyan, by sighning below, certify to the best of my knowledge, information and belief that this complaint in not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; is supported by existing law or by a non-frivilius argument for extending, modifying, or reversing existing law; the factual contents have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonableopportunity for further investigation or discovery:

Date of signig:___8/ 01/ 23___

Signature of Plaintiff:_____

Printed Name: EDMON  VARDANYAN

Prison ID # : __49886 -018__

Prison address: FCI Milan
P. O. Box 1000
Milan, MI 48160

13





States District Court
istrict Of Michigan
e Of The Clerk
ederal Building
ichigan St., N.W.
    Rapids, MI 49503