UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDMON VARDANYAN,

              Plaintiff,                             Hon. Robert J. Jonker

v.                                         Case No. 1:23-cv-831

UNITED STATES OF AMERICA,

              Defendant.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Dismiss.   (ECF No. 20).
Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's
motion be granted in part, dismissed without prejudice in part, and this matter
terminated.

**BACKGROUND**

Plaintiff is  incarcerated by the Federal Bureau of Prisons (BOP) at the Federal
Correctional Institute in Milan, Michigan.   The events giving rise to this action occurred
when Plaintiff was housed at the North Lake Correctional Facility (NLCF) in Baldwin,
Michigan.   In his complaint, Plaintiff alleges the following.

In February 2009, Plaintiff was sentenced to serve a twenty-year term in the
custody of the BOP.   In March 2021, Plaintiff was transferred to NLCF, a "private
prison" operated by the GEO Group pursuant to a contract with the BOP.   In early 2022,

-1-

Plaintiff's case manager "hired him to be her office orderly."   Several months later, Plaintiff "was sexually assaulted by his case manager" after which he submitted a Prison Rape Elimination Act (PREA) complaint.

On or about July 4, 2021, Plaintiff was informed that, if he did not agree to share his cell with another inmate, he would be charged with refusal of a direct order and forfeit his telephone and commissary privileges.   That same day, Alejandro Montano-Pantoja was assigned to bunk with Plaintiff.   Montano-Pantoja subsequently began "expressing high interest" regarding Plaintiff "snitching on the case manager."

On or about August 2, 2022, Plaintiff reported to a nurse that he was being threatened by Montano-Pantoja because Plaintiff reported his sexual assault.   On or about August 6, 2021, Montano-Pantoja threatened Plaintiff.   Plaintiff responded by pressing the "emergency button" in his cell.   The officer who responded, however, simply "stood outside the cell" while Montano-Pantoja stabbed Plaintiff in the "face and head."

Plaintiff now sues the United States of America advancing three claims under the Federal Tort Claims Act (FTCA).   First, Plaintiff alleges that it was negligent for the United States to assign him to a facility managed by the GEO Group.   Next, Plaintiff alleges that it was negligent for the United States to assign him to NLCF.   Finally, Plaintiff alleges that the United States was negligent in its supervision and monitoring of NLCF.   Defendant now moves to dismiss Plaintiff's complaint.   Plaintiff has responded to Defendant's motion.   The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## ANALYSIS

### I.    Exhaustion of Administrative Remedies

A fundamental question presented by every action in federal court is whether the court has jurisdiction to hear that case. *See Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986). The jurisdiction of the federal district courts is limited only to matters expressly authorized by the Constitution or other federal law. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). It is presumed that "a claim lies outside of this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Ibid*.

Defendant first moves for relief, pursuant to Federal Rule of Civil Procedure 12(b)(1), on the ground that this Court lacks jurisdiction to hear Plaintiff's claims. Challenges to subject matter jurisdiction under Rule 12(b)(1) take two forms, facial challenges and factual challenges. *See, e.g., Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). When assessing a facial challenge to the Court's jurisdiction, the allegations in the complaint must be taken as true just as with a Rule 12(b)(6) motion. When resolving a factual attack, however, the Court "can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Ibid.* Regardless which type of challenge is advanced, the burden to establish that the Court may properly exercise jurisdiction rests with Plaintiff. *See, e.g., Thompson v. Gorcyca*, 2022 WL 11367756 at *1 (6th Cir., June 28, 2022).

The United States enjoys sovereign immunity and, therefore, cannot be sued without its consent.  *See Copen v. United States*, 3 F.4th 875, 879 (6th Cir. 2021).   While Congress has the authority to waive this immunity, any such waiver must be "clear, express, and unambiguous."  *See Taylor v. Geithner*, 703 F.3d 328, 333 (6th Cir. 2013). Moreover, any waiver of Defendant's sovereign immunity must be construed "narrowly" and any ambiguities must be resolved "in favor of immunity."  *Hohman v. Eadie*, 894 F.3d 776, 784 (6th Cir. 2018).

The Federal Tort Claims Act (FTCA) was enacted "primarily to remove the sovereign immunity of the United States from suits in tort" for claims of "injury. . .caused by the negligent or wrongful act or omission of any employee of the [United States] while acting within the scope of his office or employment."  *Mynatt v. United States*, 45 F.4th 889, 894-95 (6th Cir. 2022).   The FTCA contains several exceptions to this broad waiver of sovereign immunity and because the FTCA "is a grant of jurisdiction, a court lacks subject-matter jurisdiction to adjudicate claims falling within exceptions to that grant." *Id.* at 895.

Federal law provides that an FTCA suit "shall not be instituted" unless the plaintiff "first presents the claim to the appropriate federal agency and the agency denies the claim."  *Kellom v. Quinn*, 86 F.4th 288, 292 (6th Cir. 2023) (quoting 28 U.S.C. § 2675(a)).   Defendant moves for relief on the ground that the FTCA exhaustion requirement is jurisdictional.   Before addressing whether this requirement is

jurisdictional, however, the Court will initially explore whether Plaintiff exhausted his administrative remedies.

A.    Plaintiff Did Not Exhaust his Administrative Remedies

The Sixth Circuit has observed that the FTCA exhaustion requirement is "not a particularly high bar." *Abbott v. United States*, 78 F.4th 887, 896 (6th Cir. 2023). Nonetheless, there are requirements that a litigant must satisfy to sufficiently exhaust a claim.   Specifically, he must (1) provide written notice of the claim sufficient to enable the agency to investigate the claim and (2) place a value, or sum certain, on the claim. *Id.* at 896-97.   This does not require the litigant to "articulate a precise cause of action" or advance a legal theory, but the litigant must, at a minimum, detail the factual predicate for his claim.   Plaintiff's exhaustion attempt fails even this low bar.

In his administrative claim, Plaintiff alleges that he was sexually assaulted by his case manager and later assaulted by another inmate.   (ECF No. 21-3, PageID.129). Plaintiff made no allegations in his administrative claim that the United States was negligent for assigning him to NLCF or any other facility managed by the GEO Group. Likewise, Plaintiff advanced no allegations that the United States was negligent in its supervision and monitoring of NLCF.

As Defendant persuasively argues, "a plain reading of Plaintiff's [administrative grievance] would prompt BOP to investigate only the sexual assault and inmate assault, not its contracting process, its decision to place Plaintiff at NLCF, or its monitoring of GEO Group's management of NLCF."   (ECF No. 21, PageID.106).   Stated a bit

differently, the claims Plaintiff advances in this Court involve allegations of systemic failures, involving multiple events, whereas the allegations in his administrative claim involved discreet allegations of wrongdoing by two individuals.  The Court discerns nothing in the latter that could reasonably have put anybody on notice as to the former.

As Defendant notes, other courts have dismissed claims, for failure to exhaust administrative remedies, in circumstances strikingly similar to that presented here. For example, in *Peteet v. Hawkins*, 2018 WL 4039375 (S.D. Tex., July 17, 2018), a prisoner alleged that she was sexually assaulted by a prison guard, Hawkins, while in federal custody.  *Id.* at *1.  Peteet's complaint alleged, in part, that the United States failed to "meet its duty of care. . .in its screening, hiring, training, supervising, evaluating, and retaining of" Hawkins.  *Id.* at *6.  Peteet further alleged that the actions of the United States were "outrageous" and "deliberately intended to cause. . . severe emotional distress."  *Ibid.*

In her administrative complaint, however, Peteet "only alleged that Hawkins assaulted her and did not contain any allegation that Bureau of Prisons staff negligently supervised Hawkins or took any action to inflict emotional distress upon [Peteet]."  *Ibid.* Likewise, Peteet's administrative claim "did not allege that Hawkins had sexual relationships with other female inmates or that management was aware that Hawkins placed Plaintiff or other female inmates in the special housing unit to facilitate sexual encounters."  *Ibid.*  Applying the same standard applicable presently, the Court in *Peteet* concluded that Peteet's administrative claim failed to put the United States on

-6-

notice for her claims of negligence or intentional infliction of emotional distress.    *Ibid.*
Accordingly, having found that Peteet failed to properly exhaust the claims in question,
such were dismissed.    *Ibid.*

Likewise, in *Fenwick v. United States*, 2019 WL 7038261 (E.D. Ky., Dec. 20, 2019),
Fenwick sued the United States following the death of her son while in federal custody.
*Id.* at *1.    In part, Fenwick alleged that her son should have been placed in a mental
health facility rather than placed in an ordinary prison.    *Id.* at *5.    In her
administrative claim, however, Fenwick only argued that prison staff were negligent in
failing to discover the weapon that was ultimately used to kill her son.    *Ibid.*    Finding
that Fenwick's legal claim was not properly exhausted, such was dismissed.    *Ibid.*

As this authority makes clear, the allegations in Plaintiff's administrative claim
did not provide the factual predicate for the claims asserted in this action.    Likewise,
the allegations in Plaintiff's administrative claim were insufficient to put the United
States on notice of the claims asserted in Plaintiff's complaint.    Accordingly, the
undersigned concludes that Plaintiff has failed to properly exhaust his administrative
remedies with respect to the claims asserted herein.

B.    Is the FTCA Exhaustion Requirement Jurisdictional

The undersigned recently explored in detail the question whether the FTCA
exhaustion requirement was jurisdictional.    *See Grant v. United States Environmental
Protection Agency*, 2023 WL 5016608 at *10-12 (W.D. Mich., June 1, 2023).    As the
undersigned observed, because "exhaustion is a prerequisite to bringing suit, courts have

repeatedly recognized that the failure to exhaust under the FTCA deprives federal courts of subject matter jurisdiction to consider tort claims against the United States."   *Id*. at \*11.    The undersigned acknowledged that there existed authority supporting the opposite conclusion.   *Ibid*.    Nonetheless, the undersigned concluded that it "must determine whether it has jurisdiction over [the asserted] tort claims."   *Id*. at \*12. Relying on still viable published Sixth Circuit authority, *Joelson v. United States*, 86 F.3d 1413 (6th Cir. 1996), the undersigned concluded that the exhaustion requirement was jurisdictional.[1]   *Ibid*.    The undersigned reaches the same conclusion here.

The Court acknowledges the Sixth Circuit's recent decision in *Kellom v. Quinn*, 86 F.4th 288 (6th Cir. 2023).    In that case, the court casually stated that "the FTCA's exhaustion requirement isn't jurisdictional. . ."   *Id*. at 293.    The *Kellom* court, however, was not presented with the question whether the FTCA exhaustion requirement was jurisdictional.    Instead, the court addressed the question whether a plaintiff could exhaust a FTCA claim after filing a complaint in federal court.   *Id*. at 292-93.    The court's comment, quoted above, was neither essential nor necessary to its holding on that question.   *Ibid*.    Accordingly, the undersigned does not consider the isolated comment quoted above determinative on the question whether the FTCA exhaustion requirement is jurisdictional.    The undersigned recommends, therefore, that Plaintiff's claims be dismissed for lack of subject matter jurisdiction.

---

[1] This recommendation was subsequently adopted by the Honorable Hala Y. Jarbou. *Grant v. United States*, 2023 WL 6304911 (W.D. Mich., Sept. 28, 2023).

In the alternative, the undersigned recommends that Plaintiff's claims be dismissed for failure to exhaust administrative remedies.   As the *Kellom* court observed, regardless whether the FTCA exhaustion requirement is jurisdictional, it "is still mandatory."   *Id.* at 293.   As the court further observed, the "FTCA says that a plaintiff 'shall not' sue before exhausting remedies" and "shall means shall."   *Ibid.*   Accordingly, the undersigned recommends, in the alternative, that Plaintiff's claims be dismissed for failure to exhaust his administrative remedies.

C.    Discretionary Function Exception

Defendant also argues that Plaintiff's claims are precluded by the discretionary function exception the application of which "generally retains sovereign immunity for claims relating to the discretionary aspects of a federal employee's conduct."   *Mynatt v. United States*, 45 F.4th 889, 895 (6th Cir. 2022).   As discussed above, it is clear that Plaintiff failed to exhaust his FTCA claims and that such requires dismissal.   On the other hand, the question whether the discretionary exception applies is less clear. Accordingly, the undersigned declines to address this particular argument and instead recommends that such be dismissed without prejudice.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 20) be granted in part, dismissed without prejudice in part, and this matter terminated.   For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be

frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 17, 2024                                      /s/ Phillip J. Green
                                                        PHILLIP J. GREEN
                                                        United States Magistrate Judge